112 N.J. Super. 531 (1970)
271 A.2d 914
CHARLES E. STEPHENSON, PLAINTIFF,
v.
MARIE V. STEPHENSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 21, 1970.
*532 Mr. William E. Mountford, Jr. for the motion (Messrs. Lewis, Siegel & Wood, attorneys).
FRITZ, J.S.C.
The matter appears on the motion of Lewis, Siegel & Wood "for an Order to have Charles E. Stephenson found in contempt of court for failure to obey Judge Gebhardt's order directing payment of counsel fee in the amount of $150.00 which sum was due and payable April 8, 1968, as per the order of Judge Gebhardt stated in open court on February 21, 1968."
Charles E. Stephenson was plaintiff in an action for divorce which eventuated in a judgment nisi on April 29, 1968. At the time of this judgment defendant wife was represented by Albert Cooper, Jr., by virtue of a substitution of attorney filed April 24, 1968 for Lewis, Siegel & Wood.
The motion was first noticed for October 30, 1970. In that notice the motion was said to be supported "as per a copy of the attached Order." The copy of the order submitted with that motion recited an appearance on February 21, 1968 by an attorney for plaintiff, and the representation of defendant by Frederick S. Dunn, Jr., of Lewis, Siegel & Wood. It also provided for payment by plaintiff Charles E. Stephenson to Lewis, Siegel & Wood of $150 on account of legal fees, "said sum to be due and payable at the time of final hearing set for April 8, 1968, in the event the plaintiff is unable to pay said sum any sooner." The copy of that order attached to the motion has a line for the signature of the judge and a line for the consent as to form of the attorney for plaintiff, but neither signature appears. The blanks provided for the date of the order are not filled in. No supporting affidavits were filed with the motion. On October 30, 1970 no one appeared on the motion.
Immediately thereafter a second motion was filed. It is that motion which is now before me. The "Order" does not reappear, but rather I am advised by affidavit with this motion that on February 21, 1968 Frederick S. Dunn, *533 Jr., apparently on behalf of Lewis, Siegel & Wood, appeared before Judge Gebhardt on behalf of the wife, at which time "the Court ordered the plaintiff to pay my law firm a legal fee of $150.00." I have reviewed the original file and searched the docket, of which things I take judicial notice, and am satisfied that no order to this effect was formally entered. The judgment nisi, signed by Judge Gebhardt, makes no mention of counsel fees.
It is clear that irrespective of any pronouncement Judge Gebhardt may have made on February 21, 1968, no formal order was ever entered. This was conceded on oral argument. Accordingly, the motion must be dismissed. "An order which has no basis in any record of the court making the order, or in documents filed with that court that may be made into a record, is a mere nullity." In re Ryan's Estate, 130 N.J. Eq. 380, 381 (Prerog. 1941).
The rule then in effect, R.R. 4:55-1, which provided for the presentation of an order within ten days after decision of the judge, but limited the situations to those "where it is necessary for the trial judge to execute a formal written judgment or order," offers little solace to the movant. In re Ryan's Estate, supra, makes such a formal written order necessary in any case where subsequent activity is bottomed upon that order, subject always, of course, to the inherent power of the court to accommodate an inequitable situation. That this was the true intent of the rule is to be seen in its reformation with the general revision of 1969: R. 4:42-1(a) removes the limiting phrase.
I am of the view that the failure to submit a formal written order in the case of any determination is at the risk of the parties being unable later to move with respect thereto or to appeal therefrom.
In my opinion, this is the way it should be. The salutary purpose of R. 4:42-1(a), requiring that "Formal written judgments or orders shall be presented to the court for execution within 10 days after its decision is made known, unless such time is enlarged for good cause," is *534 vividly demonstrated by this motion. Almost three years have elapsed. Judge Gebhardt is no longer on the bench. No other pleadings appear of record to indicate that the differences between the parties were not put to rest for all time by the judgment nisi over 2 1/2 years ago. In matters serious enough to be labeled a "contempt" by the motion maker, no confident decision can be reached based on such a predicate.
In passing, I question the "contempt" terminology. See N.J. Dept. of Health v. Roselle, 34 N.J. 331 (1961), and In re Carton, 48 N.J. 9 (1966). The exception I take is not without significance. My firm conviction, born of experience, is that, while not necessarily so in this case, the threat of "contempt" is often intentionally and improperly asserted in pleadings which have no other legitimate purpose than to seek supplemental relief for a litigant. The words "contempt of court" are used to project a foreboding of dire consequences far beyond the most extreme sanctions which might otherwise be thought to be properly consequent to the disobedeince of an order in a civil matter. I believe the practice offends the proper purpose of the intended legal process and is to be discouraged.
The motion is dismissed.