138 N.J. Super. 44 (1975)
350 A.2d 242
PETER LUSARDI, PLAINTIFF-RESPONDENT,
v.
CURTIS POINT PROPERTY OWNERS ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1975.
Decided December 19, 1975.
*46 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Terrence P. Farley argued the cause for appellant (Messrs. Novins, Novins, Farley & Grossman, attorneys).
Mr. Joseph M. Feinberg argued the cause for respondent (Messrs. Feinberg, Feinberg and Tritsch, attorneys).
*47 Mr. Robert P. Corman, Assistant Deputy Public Advocate, argued the cause for amicus curiae The Public Advocate (Mr. Stanley C. Van Ness, Public Advocate, attorney).
Mr. Morton Goldfein, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is an appeal from an order eventuating on the hearing of a motion styled, quite improperly, as one seeking "an Order holding the defendant in contempt for failure to abide by the terms of an injunction issued out of this Court." (Emphasis added.) A countermotion by defendant sought an order "dissolving the injunction previously issued in this matter." A subsequent judgment, also quite improperly, "adjudged [defendant] guilty of contempt of this Court by violation of the aforesaid injunction." Further, it "reaffirmed" the injunction "with the same force and effect as heretofore." This entire end product was the result of a summary hearing on affidavits. Defendant appeals. We reverse and remand.
The litigation commenced prior to July 3, 1965, on which date the judge sitting in the Chancery Division for Ocean County, at the behest of Peter Lusardi, whose successors in title are the real plaintiffs here, entered an order enjoining
* * * the defendant, Curtis Point Club, its successors, assigns, officers, members, agents or other persons acting under authority or with permission of any of them [from the continued] use of Lot 7, Block 64 on the Brick Township Tax Map, as a bathing beach or recreation area, while the zoning laws of the State of New Jersey and Brick Township, affecting the subject matter of this cause, remain as they are at the time of entry of this judgment.
On April 8, 1974 plaintiff filed a motion seeking an order of contempt. On May 9, 1974 defendant filed its motion *48 seeking to be relieved from the injunction, principally on the basis that the "public trust" doctrine pertaining to tidal lands (see Neptune City v. Avon-by-the-Sea, 61 N.J. 296 (1972)) excused it from the 1965 order by the very terms of that order which limited its operation to that period "while the zoning laws of the State of New Jersey and Brick Township, affecting the subject matter of this cause, remain as they are at the time of entry of this judgment."
As noted above, the matter was determined on affidavits and argument, during which the attorney for the successors in title to plaintiff reiterated this to be "an action for contempt." At the conclusion of the argument the trial judge announced, "I feel that the plaintiff here, Mrs. Sisto, is entitled to an order enforcing the judgment [entered in 1965]." He concluded by saying:
So, I'll grant the plaintiff's motion holding the defendant in contempt, and it should be merely to prevent the defendant or any of their members from using Lot 7, Block 64, in Brick Town as a recreational or bathing area.
Now, if there is any question that some of these people were not the members of the club or were not actually parties to it, then you would have to serve, I think, a copy of this judgment on the individuals who have violated this, but as far as the defendant itself is concerned or its members I think this judgment of Judge Leonard, and my order, should prevent them from using this Lot 7, Block 64, as a recreational area.
As far as the defendant's cross motion to vacate the injunction, I'm not satisfied from the affidavits that have been filed that it really raises any factual dispute, or there is any legal grounds to do this. And I will therefore deny the cross motion as submitted. I will make that without costs to either party.
Several considerations mandate a reversal and remand for plenary trial.
We begin with the procedural deficiencies. This is not in order to exalt technicality, but because matters of substance may well be directly affected.
With reference to "contempt" of court, we have tried to distinguish sharply between (1) the public offense, i.e., "contempt," for which the court may punish the offender and (2) the injured litigant's *49 right to apply for relief to satisfy his private claim arising out of the same offending act or omission. New Jersey Department of Health v. Roselle, 34 N.J. 331 (1961); In re Application of Waterfront Comm. of N.Y. Harbor, supra, 39 N.J. at 466; In re Carton, 48 N.J. 9, 19-24 (1966); In re Buehrer, 50 N.J. 501, 515-516 (1967). The procedure and rights of the person concerned depend very much upon the purpose of the proceeding, and hence our rule of court prescribes the processes carefully to the end that he may know at once whether he is to meet a penal charge or the civil claim of a litigant, and may be afforded the rights appropriate to the proceeding. R. 1:10-1 to 5. [In re Zicarelli, 55 N.J. 249, 271 (1970), aff'd sub nom. Zicarelli v. Investigation Comm'n, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972)]
We observe, for instance, that demonstration of a mens rea, wilful disobedience and lack of concern for the order of the court, is necessary for a finding of contempt, but irrelevant in a proceeding designed simply to enforce a judgment on a litigant's behalf. This message of the importance of the procedure, clearly set out in N.J. Dept. of Health v. Roselle, 34 N.J. 331 (1961), was not fully understood by counsel below, as is demonstrated by their indiscriminate use of the word "contempt" in pleadings and in argument when it may be  although we cannot be certain  that all the parties wanted was either enforcement of or relief from the 1965 judgment. In passing, we note our disapproval of contempt terminology in the event the only remedy truly being sought is the seeking of supplemental relief for a litigant. See Stephenson v. Stephenson, 112 N.J. Super. 531, 534 (Ch. Div. 1970).
That the proceeding below was patently deficient for the purpose of a contempt citation and incapable of sustaining a judgment of contempt is manifest. N.J. Dept. of Health v. Roselle, supra, and R. 1:10-2. A contempt proceeding may only be instituted by the court "upon an order for arrest or an order to show cause specifying the acts or omissions alleged to have been contumacious." The action is not captioned in the civil cause but under its own entitlement which must name the person or persons charged. *50 The charge is prosecuted by one specially appointed by the court from a limited class.
On the other hand, if the action was not in fact that which it was labelled, but was rather simply one seeking the aid of the court in the enforcement of litigant's rights under R. 1:10-5, with a countermotion attacking the prior judgment and seeking not only to excuse an apparent noncompliance but to vitiate the existing injunction in the light of new law, the order under review must still be set aside on account of insufficient findings of fact and inadequately detailed conclusions of law. Reiser v. Simon, 63 N.J. Super. 297, 300-301 (App. Div. 1960). Where the law (or changes therein) is an extraordinarily vital ingredient of the final determination, express reference to State or local legislation should appear. State in the Interest of J.M., 57 N.J. 442, 445 (1971). A general reference to the identity now and then of the zoning or to the "basis for his [the judge who signed the 1965 judgment] judgment" will not suffice.
Inasmuch as the foregoing requires a remand, it becomes appropriate for us to express our opinion in two other areas. First, while our comment should not be deemed a suggestion that the situation is thus here, we note that circumstances can support both a charge of contempt under R. 1:10-2 and an application for aid to the litigant for enforcement of his private rights under R. 1:10-5. In such case the actions should not be tried together. In the first place, the integrity of the judicial process and the orders which emanate therefrom is so important to a government of laws that the righting of wrongs done to it should remain a unique and specially considered process. Beyond this, and as importantly, there are grave doubts whether a defendant's rights can adequately be protected in a "double-barrelled proceeding," where charges of both contempt and deprivation of private rights are tried in a common proceeding. In re Application of Waterfront Comm'n. of N.Y. Harbor, 39 N.J. 436, 466 (1963), mod. sub nom. Murphy v. Waterfront *51 Comm'n of New York, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed. 2d 478 (1964).
Second, in a matter so important as this, involving as it does the emerging "public trust" doctrine and "a common law right of access to the ocean in all citizens of the state," Neptune City v. Avon-by-the-Sea, supra, 61 N.J. at 302, and quite properly attracting as intervenors before us both the Attorney General and the Public Advocate, we are satisfied that the matter should not be decided on affidavits. The rule is so even in simple cases on only a showing of contested issues of fact. Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971). A full and plenary record should be developed when important issues involving highly significant policy considerations are involved and where the ruling which is sought would, as here, reach far beyond the particular case. Jackson v. Muhlenberg Hospital, 53 N.J. 138 (1969); Bennett v. T & F Distributing Co., 117 N.J. Super. 439, 445-446 (App. Div. 1971), certif. den. 60 N.J. 350 (1972).
Reversed and remanded for proceedings consistent with the foregoing in which the Attorney General and the Public Advocate should be permitted to intervene. In order that there may be no confusion on the remand with respect to the nature of the further proceedings and the relief sought, we suggest that the trial judge promptly hold a pretrial conference to be attended not only by the attorneys for the parties but also by the Attorney General and the Public Advocate or their representatives. Among other matters which should be there considered are (a) the nature of the action or actions contemplated, (b) provision for amendment or substitution of pleadings, if necessary, (c) a specific delineation of both factual and legal issues and a reduction of stipulated or agreed facts to written form and (d) a timetable for discovery, if any. We do not retain jurisdiction. No costs.