Reversed and remanded for further proceedings consistent with this opinion.

JOHANNA HAMM, PLAINTIFF–APPELLANT, v. CITY OF CLIFTON AND ANTHONY J. FURINO, INDIVIDUALLY AND T/A FURINO CHEESE STORE, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1988—Decided December 27, 1988.

Before Judges PETRELLA, GRUCCIO and LANDAU.

*Norman I. Klein* argued the cause for appellant (*Goldman, Carlet, Garrison, Bertoni & Klein,* attorneys; *Philip J. Battaglia* on the brief).

*Kenneth F. Mullaney, Jr.* argued the cause for respondent (*Dwyer, Connell & Lisbona,* attorneys; *Albert C. Lisbona* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Plaintiff Johanna Hamm appeals on leave granted from a denial of her application to reinstate a dismissed motion which had sought leave to file a notice of late claim under the Tort Claims Act, *N.J.S.A.* 59:8–9. An application for reinstatement or reconsideration of the dismissal of the earlier motion was not granted by the trial court judge.

The underlying cause of action arose on May 20, 1987 when plaintiff fell while walking between the sidewalk and the street at 243 Parker Avenue, Clifton. The cause of her fall was alleged to be holes created by missing bricks laid between the curb and the sidewalk by the City of Clifton.

Clifton rejected an October 22, 1987 notice of claim as beyond the 90 days allowed by *N.J.S.A.* 59:8–8. Plaintiff's motion to allow filing of a late tort claim within one year under *N.J.S.A.* 59:8–9 was filed on or about February 19, 1988. The motion was accompanied by affidavits from the plaintiff and her attorney essentially stating that the reasons for the delay had to do with the age and physical condition of the plaintiff, who was almost 75 years of age. The affidavits indicated that because of her injuries and physical conditions plaintiff was prevented from seeking legal advice prior to October 22, 1987. Clifton filed a brief in opposition to the motion. Both parties requested oral argument. We need not go into detail with respect to the underlying facts, because this appeal basically involves a procedural issue.

Although both sides requested oral argument on the Law Division motion, apparently no one appeared on the date scheduled, or at least plaintiff's attorney did not do so. The attorneys later were informed that the motion was dismissed. However, no order memorializing the dismissal was ever entered or signed by the trial judge. Both sides acknowledge this fact and referred to it in the argument on the subsequent motion. The records of the Clerk of the Superior Court and the Passaic

County Court likewise confirm the absence of any order of dismissal of the plaintiff's motion.

When inquiry by plaintiff's attorney's office to the chambers of the trial judge disclosed that the matter was dismissed, counsel wrote a March 22, 1988 letter to the court indicating that a secretary in the office of plaintiff's attorneys had checked with the Passaic County Motion Clerk's office the day before the motion day and been told that notwithstanding the request for oral argument, no oral argument was scheduled and there would be no need to appear. In a March 30, 1988 letter, the judge responded that it was not the province of the motions clerk to decide whether oral argument was necessary. In any event, it was indicated to the attorney that he would have to file a motion for reinstatement. The judge questioned plaintiff's attorney's reason for not appearing for oral argument as in conflict with what he knew were the procedures in his chambers.

A motion for reconsideration was filed supported by the affidavits of the attorney for plaintiff and his secretary. The submitted affidavit of the secretary amplified what was in the attorney's March 22 letter by stating that the motion clerk had referred her call to the judge's chambers. According to the secretary's affidavit an unnamed woman in the judge's chambers told her that there would be no oral argument. Counsel representing Clifton opposed the motion for reconsideration on the technical ground of failure to comply with the time limitations set forth in *R.* 4:49–2. There was no dispute concerning the affidavits that were submitted. At oral argument plaintiff's attorney, relying on *R.* 4:50–1, asserted that the earlier motion had been dismissed by mistake. The motion transcript indicates that the judge was not disposed to consider *R.* 4:50–1 when no brief had been filed. Effectively, the judge disbelieved the factual statements of the attorney and his secretary and made a credibility finding on what were at best disputed allegations without an evidentiary hearing.

The judge denied the motion after oral argument on May 13, 1988 for essentially two reasons: he considered the motion to have been filed beyond the ten day period provided by *R.* 4:49–2; and he did not believe that counsel for plaintiff did not show up for oral argument because some unnamed woman in either the motion clerk's office or the judge's chambers said that no oral argument was scheduled.

Subsequently, the parties received a photocopy of a form of order which had been submitted by plaintiff with the motion papers. The proposed order was drafted premised on the requested relief being granted so as to reinstate the earlier motion and allow the filing of the late notice of claim against Clifton. The form of order does not bear the signature of the judge. However, across the top of the order was stamped "original filed with the Superior Court Clerk's office." Written on the bottom of the proposed order, below the signature block area, is "5/13/88 Denied" and beneath that is rubber-stamped "motion denied—Judge" and the rubber-stamped last name of the judge. A stamped statement was also on the order requiring that a copy be served upon all counsel within seven days of the date thereof.

There are several problems which confront us. First, there was no signed order ever entered in accordance with the requirements of our Civil Practice Rules. See *R.* 4:42–1(a). Such rules contemplate written orders, notwithstanding the fact that the written order may be the memorialization of an oral order. *Stephenson v. Stephenson,* 112 *N.J.Super.* 531, 533 (Ch.Div.1970); *In re Ryan's Estate,* 130 *N.J.Eq.* 380, 381 (Prerog.1941). Indeed, as far as we can ascertain there was never even an oral order appearing in the record of the first motion proceeding. The attorney for Clifton recognized at oral argument that there was no written order entered, but he argued that a written order was not necessary because *R.* 4:49–2 did not expressly refer to a signed order. We reject that argument as meritless.

As a matter of practice, the rule has generally been that the commencement of the running of time for both reconsideration and to appeal is from the actual entry or filing of a written order, even though in some cases because of the time lag between the decision and the entry of the order more time may be afforded for the filing of a notice of appeal. See *R.* 4:47; *R.* 4:49–2; *R.* 2:4–1(a). See also *Pogostin v. Leighton,* 216 *N.J.Super.* 363, 370 (App.Div.1987); *Wicks v. Central R.R. Co. of N.J.,* 129 *N.J.Super.* 145, 148 (App.Div.1974). For this reason, among others, it is essential that orders be submitted promptly by the attorneys and attended to promptly by the judges.

■ Since there was no signed order ever entered on the dismissal of the first motion, the time for reconsideration under *R.* 4:49–2 had not run when the subsequent motion was filed. Indeed, as far as the record is concerned, there was really no substantive ruling to reconsider. Nor would it appear that any dismissal for failure to prosecute a party's own motion would have been with prejudice, especially since here it was neither on the merits nor stated to be with prejudice. See *R.* 4:37–2(a). See also *Woodward–Clyde v. Chem. & P. Sciences,* 105 *N.J.* 464, 472 (1987); *Zaccardi v. Becker,* 88 *N.J.* 245, 250 (1982). We see no reason why this motion could not have been refiled within the one year period rather than being a motion for "reconsideration." Instead, this appeal was generated.[1]

■ Moreover, although we recognize that a rubber stamped or printed name may be adopted as a signature, *In re Bullivant's Will,* 82 *N.J.Eq.* 340, 341 (E. & A.1913); *J.D. Loizeaux Lumber Co. v. Davis,* 41 *N.J.Super.* 231, 238 (App.Div.1956), our rules contemplate that an original order must be signed by the judge, or at very least initialed by him. *R.* 4:42–1(a). A typed or printed name may be acceptable for conforming copies, but it is hardly appropriate for an original court order. Here,

---

[1]The notice of appeal was filed May 31, 1988, just beyond one year from the May 20, 1987 incident.

the decretal portions of the proposed form of order could readily have been stricken out or amended in handwriting to deny whatever relief might have been appropriate, and the order dated and signed by the trial judge in a form fit for filing.

Even if we considered the second motion as one appropriate for reconsideration, the failure to have an original order signed when the first motion was dismissed would require reversal since that dismissal was purportedly based on a failure to comply with the time limitations of the reconsideration rule. In any event, the time for appeal did not run from the "original order" because it was never entered (see *R.* 2:2–3 and *R.* 2:4–1), and it may be debatable whether the second "order" was adequate and whether the time for appeal ran from the notations made on the form of the second proposed order. Since the appeal was timely filed from the May 13, 1988 date, we need not address that issue. A reversal and remand is required since at the very least the grounds for denial of the "reconsideration" motion were deficient.

Although the attorney for plaintiff asked us to exercise original jurisdiction and allow the filing of the late claim, we decline to do so because we are confident that the trial court will consider the matter on its merits, based on the record before it. Nor do we find it necessary to consider whether relief should have been granted under *R.* 4:50–1. We do note that there have been reasons submitted for the failure to file within the 90 day period in *N.J.S.A.* 59:8–8 which appear adequate, and that the motion to file the late notice of claim was filed well within the one year period authorized by *N.J.S.A.* 59:8–9. We note further that upon our questioning at oral argument the attorney for Clifton conceded that there was no surprise or prejudice to Clifton by virtue of the late application. The trial court should consider the application to file the late claim application in light of the philosophy expressed by our Supreme Court when discussing *N.J.S.A.* 59:8–9 in *S.E.W. Friel Co. v. N.J. Turnpike Authority,* 73 *N.J.* 107, 122 (1977) and

*Lamb v. Global Landfill Reclaiming,* 111 *N.J.* 134, 146–153 (1988).

Reversed and remanded for further proceedings in accordance herewith.