**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3121-17T1

RICHARD PRICE,

     Plaintiff-Appellant,

v.

NATALYA PRICE,

     Defendant-Respondent.

_____

Submitted December 10, 2018 – Decided December 18, 2018

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0511-16.

Richard Price, appellant pro se.

Wilson Family Law, LLC, attorneys for respondent (Cindy Ball Wilson, on the brief).

PER CURIAM

     In this post-judgment matrimonial matter, plaintiff Richard Price appeals

from the Family Part's February 28, 2018 orders denying his motion to modify

his alimony obligation due to an alleged increase in defendant Natalya Price's income, and a decrease in his income because of the imminent closure of a gas station he owned. Plaintiff also challenges the trial court's denial of his motion to modify his child support obligation after his new spouse gave birth to the couple's child. Finally, plaintiff appeals from the court's January 10, 2018 order, granting defendant $16,342.25 in counsel fees. We are constrained to reverse and remand these orders because the trial court did not make adequate findings of fact and conclusions of law in connection with these rulings.

We begin by summarizing a trial judge's obligations in resolving motions in family matters. It is well settled that following argument on a motion, the judge must enter a written order setting forth the court's rulings on the motion. See R. 4:42-1(a) (made applicable to family actions by R. 5:1-1). These "rules contemplate written orders, notwithstanding the fact that the written order may be the memorialization of an oral order." Hamm v. City of Clifton, 229 N.J. Super. 423, 427 (App. Div. 1988). The prompt issuance of an order is obviously "necessary in any case where subsequent activity is bottomed upon that order[.]" Stephenson v. Stephenson, 112 N.J. Super. 531, 533 (Ch. Div. 1970).

Rule 1:7-4(a) also clearly states that in addition to entering an appropriate written order, a trial judge "shall, by an opinion or memorandum decision, either

written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). A judge's colloquy during a motion hearing is not a substitute for the judge's obligation to articulate findings of facts and conclusions of law. Pardo v. Dominquez, 382 N.J. Super. 489, 492 (App. Div. 2006) (rejecting "the suggestion that a judge's comment or question in a colloquy can provide the reasoning for an opinion which requires findings of fact and conclusions of law . . . .").

The mere recitation of a published case or a statutory citation does not constitute adequate fact-finding. Instead, the judge's decision must clearly demonstrate that the litigants have been heard and their arguments considered. While a judge need not author a lengthy written opinion, or deliver an hour-long oral ruling to meet this requirement in every case, he or she must always state what facts form the basis of his or her decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts. Slutsky v. Slutsky, 451 N.J. Super. 332, 357 (App. Div. 2017). Because justice requires no less, "[a]ll conclusions must be supported." Ibid.; see also Dorfman v. Dorfman, 315 N.J. Super. 511, 518 (App.

Div. 1998) (holding that merely stating a conclusion that a litigant in a post-judgment matrimonial proceeding has not "shown . . . a substantial change of circumstances warranting a modification" of a prior order is "insufficient under [Rule] 1:7-4(a), [which] require[s] findings of fact and reasons given for conclusions reached").

In sum, "[m]eaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). Unfortunately, the trial court's rulings in this case did not satisfy these requirements.

The parties were married in July 2000, and divorced in November 2015. They have two unemancipated children. In their August 2015 Property Settlement Agreement (PSA), plaintiff agreed to pay defendant $4100 per month in limited duration alimony for eight years, and $2500 per month in child support. Although not specifically set forth in the PSA, the parties agree that this support was based upon plaintiff earning approximately $256,000 per year in combined income from a job ($168,000) and his ownership of a gas station ($88,000), and defendant earning about $70,000 annually as a real estate agent.

The PSA did not contain an "anti-Lepis"[1] clause. However, it permitted plaintiff's alimony obligation to be terminated if defendant cohabitated with an unrelated adult.

In November 2016, plaintiff filed a motion to modify his alimony obligation based upon changed circumstances, and because he alleged that defendant was cohabiting with her boyfriend. As to his Lepis claim of changed circumstances, plaintiff argued that based upon his review of defendant's postings on social media concerning her real estate business, she was now earning much more than the $70,000 she took in during the last year of the marriage. Plaintiff claimed that these postings also showed that defendant was cohabiting with her boyfriend and, therefore, his alimony obligation should be terminated.

On January 6, 2017, the court conducted oral argument on plaintiff's motion. Both parties were represented by attorneys. Plaintiff argued that he had established a prima facie case of changed circumstances based upon what he had learned about the more lucrative real estate deals defendant allegedly was now

---

[1] See Lepis v. Lepis, 83 N.J. 139, 159 (1980) (permitting parties to seek modification of a PSA due to changed circumstances). An "anti-Lepis clause" is a provision in a dissolution agreement which provides that parties to a PSA have bargained away their right to modify its terms due to changed circumstances. Finckin v. Finckin, 240 N.J. Super. 204, 205-06 (Ch. Div. 1990).

A-3121-17T1

handling. He asked for discovery on his claim, and for a plenary hearing since defendant alleged she was still earning approximately $70,000 per year and, therefore, there was a factual dispute between the parties.

The court engaged in colloquy with the attorneys, but never made a determination as to the merits of plaintiff's motion for a modification of alimony due to the alleged increase in defendant's income. At one point, the court cited the Supreme Court's then-recent decision in Quinn v. Quinn, 225 N.J. 34 (2016), for the proposition that parties may not seek to modify any portion of a negotiated PSA. However, contrary to the court's view, the Court specifically stated in its decision that a trial court may modify the parties' agreed upon support obligations where there are changed circumstances, including "an increase or decrease in the income of the supporting or supported spouse[.]" Id. at 49.

The trial court then turned to plaintiff's motion to terminate alimony based upon his cohabitation argument. Without first finding whether plaintiff had established a prima facie case that defendant was cohabiting, the court permitted the parties to exchange "limited discovery" on the issue. However, the court did not specify the records that would be subject to discovery.

The court's subsequent January 17, 2017 order did not address plaintiff's motion to modify his alimony obligation based on defendant's alleged increased income. The order established a discovery schedule, but did not mention the cohabitation motion. Although the court appended a three-page "statement of reasons" to the order, this statement only addressed two unrelated matters raised by the parties that are not the subject of this appeal. No other findings of fact or conclusions of law were made.

Thereafter, the parties began exchanging financial discovery, but disputes between them quickly arose primarily because there was no guidance provided as to the precise nature of the discovery the parties were required to provide. The court held a telephone conference on March 3, 2017, but this conference was not transcribed. The court's March 3, 2017 order did not set forth any findings of fact or conclusions of law, and only set a new discovery schedule. At the beginning of the order, however, the court stated that it had "specifically ruled that [p]laintiff has not proved a prima facie case of cohabitation, but is entitled to very limited discovery for the reasons specifically set forth on the record on January 6, 2017[.]" As noted above, however, the transcript of that proceeding did not set forth the court's reasoning on this, or any other, issue.

A-3121-17T1

On May 2, 2017, the parties appeared before the court on an order to show cause on an unrelated matter concerning one of the parties' children. Prior to this proceeding, plaintiff discharged his attorney and began representing himself. Toward the end of oral argument, the parties briefly discussed ongoing discovery issues on the cohabitation issue, and the court's May 4, 2017 order set yet another discovery schedule. Again, the court made no findings of fact or conclusions of law concerning either plaintiff's motion to modify alimony based on defendant's alleged increased income, or his motion to terminate alimony based upon cohabitation.

In the ensuing months, plaintiff submitted a brief regarding his claims. This brief addressed both his still-undecided motion to modify alimony and his request to terminate alimony on his cohabitation claim. Defendant submitted a certification of services in support of a request for counsel fees.

In September 2017, plaintiff filed a second motion to modify his alimony obligation. In this motion, plaintiff alleged that he had lost his full-time job. He also asked that his child support obligation be modified because of "the impending birth of [his] new child." Defendant's attorney sent plaintiff a letter demanding that he withdraw the motion as frivolous under N.J.S.A. 2A:34-23 and Rule 1:4-8. On September 21, 2017, plaintiff withdrew the motion.

However, he immediately filed a third motion, this one asserting that alimony should be modified "based on the failure of" his gas station and the resulting decrease in his income. He again asked that child support be modified due to the birth of his new child.

On October 12, 2017, the parties appeared before the court. At the beginning of the proceeding, the court stated, "we're essentially here on the application for fees[.]" Expressing surprise that that was the purpose of the hearing rather than plaintiff's pending motions, defendant's attorney proceeded to argue in support of her request for fees, with plaintiff stating his opposition. At the end of the argument, the court did not render any oral decisions on either of the pending support modifications motions, or on defendant's request for fees, and no written order was issued concerning these applications.

As 2017 ended, the court had still not issued any orders disposing of plaintiff's motions to modify alimony because of defendant's increased income or his loss of income from the gas station. No decision had been made on plaintiff's request for a modification of child support because he had a new dependent.

Instead, the court issued an order on January 2, 2018, granting defendant's application for $16,342.25 in fees. In an accompanying written decision, the

court reviewed the applicable factors for determining fees under R. 5:3-5(c), and concluded that plaintiff's motions had been filed in bad faith. Despite the absence of anything in the record demonstrating that any of plaintiff's motions had been decided, the court stated in a conclusory manner that it had previously concluded that "[p]laintiff failed to make a prima facie showing both cohabitation and an increase in income." Even though no order was ever issued denying either motion, the court criticized plaintiff for continuing to press forward with his arguments. The court did not address plaintiff's other pending motion to modify alimony because of the loss of his gas station income, and to modify child support because he had a new dependent.

Plaintiff filed a motion for reconsideration. On February 23, 2018, the court held oral argument on that motion, and on plaintiff's motion concerning the gas station and his new child. Although the court engaged in colloquy with plaintiff and defendant's counsel, it once again failed to make any findings of fact and conclusions of law on any of the issues presented.

On February 28, 2018, the court entered three written orders. One denied plaintiff's motion for reconsideration, and this order is not the subject of this appeal. The second order denied plaintiff's motion to modify his alimony and

10

child support obligations.[2]  The order stated that the court had set forth his reasoning on the record on February 23 but, as stated above, that did not occur. The order also stated that the motion was denied because plaintiff "failed to make a prima facie showing that he has a permanent change in circumstance that would justify a modification in child support or alimony."  This conclusory statement fails to satisfy the requirements of Rule 1:7-4.  Dorfman, 315 N.J. Super. at 518.

The court also did not explain its reasons for denying plaintiff's claim to an "other-dependent" deduction as permitted by the Child Support Guidelines. Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A ¶10(a) to R. 5:6-1, www.gannlaw.com (2019).  This deduction provides a mechanism to apportion a parent's income to all legal dependents including those born before or after the children for whom support is determined in a disputed family case. Ibid.; see also Schwarz v. Schwarz, 328 N.J. Super. 275, 283 (App. Div. 2000) (stating that "where a divorced parent remarries and has children, that parent's income should be shared by all children born to that parent").

---

[2]  Although the order does not specifically state this, we assume that it concerned plaintiff's motion to modify alimony based on the loss of his gas station income, and to modify child support based on the birth of a new dependent.

Finally, the court issued a third order denying plaintiff's year-old motions to modify alimony because of defendant's alleged increased income and cohabitation. The court also did not attach a statement of reasons to this order. Instead, the court simply stated its conclusion that plaintiff "failed to make a prima facie showing of changed circumstances" or "a prima facie showing of cohabitation." This appeal followed.

On appeal, plaintiff alleges that the trial court erred by: (1) denying his motions to modify alimony based on defendant's increased income and his own reduced income; (2) denying his motion for a modification of child support; and (3) granting defendant's motion for counsel fees. As detailed above, however, we are unable to review plaintiff's contentions because the court failed to provide adequate or timely explanations for the rulings it made.

The court never provided any findings of fact or conclusions of law for its belated decisions to deny plaintiff's motions to modify alimony, and his motion to alter his child support obligation to account for the birth of his new dependent as expressly permitted by the Child Support Guidelines. It was not enough to observe in a conclusory fashion that plaintiff failed to establish a prima facie case. Slutsky, 451 N.J. Super. at 363.

12

The court also granted defendant's motion for counsel fees before it disposed of the merits of any of plaintiff's motions. Thus, the court's determination that plaintiff acted in bad faith in bringing these motions and by continuing to advocate his position does not withstand scrutiny in the face of the court's failure to address and resolve those motions prior to considering the fee application.

We recognize the difficulties the Family Part faces, day in and day out, if dealing with large volumes of contested matters, particularly in high-conflict matrimonial cases such as this one. Litigants may deluge the court with complicated filings, prayers for relief, and opposition papers. Nevertheless, in despite these pressures, trial courts must endeavor to make the necessary rulings on a timely basis and provide ample reasons for their decisions to guide the parties and also to enable meaningful appellate review if it is sought. In some instances, more detailed reasoning might discourage parties from moving for reconsideration or pursuing appeals, thereby saving time and expense in the long run. It is not clear why this particular case went amiss, but a remand will provide an opportunity for corrective action to be undertaken.

Accordingly, we reverse the court's January 2, 2018 order granting defendant's counsel fee application, and the two February 28, 2018 orders

denying plaintiff's motions to modify alimony and child support.[3]  We remand the matter to the Family Part for a new consideration of plaintiff's modification motions and defendant's motion for fees.  As required by N.J.S.A. 2A:34-23(a) and (b), on remand the trial court must also address the parties' current financial situations, and the other statutory factors for determining alimony and child support.  Therefore, the parties should submit updated Case Information Statements for the court's review pursuant to Rule 5:5-2.

In remanding this matter, we make clear that nothing within this opinion forecasts any views on the merits of these applications nor on the question of which party may be entitled to prevail after a full and complete consideration on the merits of their respective claims.  We say no more than that because the trial court failed to provide adequate findings of facts and conclusions of law, the issues presented are not ripe for decision.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  As noted above, plaintiff does not challenge the portion of the third February 28 order denying his motion to terminate alimony based on his cohabitation claim.

A-3121-17T1