**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1783-18T3

AKHILESH GUPTA,

    Plaintiff-Appellant,

v.

SUNEEPA GUPTA,

    Defendant-Respondent.

_____

        Submitted February 12, 2020 – Decided February 25, 2020

        Before Judges Haas and Mayer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0429-16.

        The Micklin Law Group and Adam W. Toraya, attorneys for appellant (Brad Michael Micklin, on the brief; Adam W. Toraya, of counsel and on the brief).

        Suneepa Gupta, respondent pro se (Melissa Cipriano, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Akhilesh Gupta appeals from the provisions in the Family Part's November 15, 2018 order granting defendant Suneepa Gupta's motion to require plaintiff to pay her: (1) $16,035.75 as equitable distribution in connection with the disposition of the former marital home, and (2) child support. We are constrained to reverse and remand this order because the trial judge did not make adequate findings of fact and conclusions of law in connection with these rulings.

We begin by summarizing a trial judge's obligations in resolving motions in family matters. It is well settled that following argument on a motion, the judge must enter a written order setting forth the court's rulings on the motion. See R. 4:42-1(a) (made applicable to family actions by R. 5:1-1). These "rules contemplate written orders, notwithstanding the fact that the written order may be the memorialization of an oral order." Hamm v. City of Clifton, 229 N.J. Super. 423, 427 (App. Div. 1988). The prompt issuance of an order is obviously "necessary in any case where subsequent activity is bottomed upon that order[.]" Stephenson v. Stephenson, 112 N.J. Super. 531, 533 (Ch. Div. 1970).

However, the filing of an order at the conclusion of a matter is not enough. Rule 1:7-4(a) also clearly states that in addition to entering an appropriate written order, a trial judge "shall, by an opinion or memorandum

decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). A judge's colloquy during a motion hearing is not a substitute for the judge's obligation to articulate findings of facts and conclusions of law. Pardo v. Dominquez, 382 N.J. Super. 489, 492 (App. Div. 2006) (rejecting "the suggestion that a judge's comment or question in a colloquy can provide the reasoning for an opinion which requires findings of fact and conclusions of law").

The mere recitation of a published case or a statutory citation does not constitute adequate fact-finding. Instead, the judge's decision must clearly demonstrate that the litigants have been heard and their arguments considered. While a judge need not author a lengthy written opinion, or deliver an hour-long oral ruling to meet this requirement in every case, he or she must always state what facts form the basis of his or her decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts. Slutsky v. Slutsky, 451 N.J. Super. 332, 357 (App. Div. 2017). Because justice requires no less, "[a]ll conclusions must be supported." Ibid.; see also Dorfman v. Dorfman, 315 N.J. Super. 511, 518 (App.

3

Div. 1998) (holding that merely stating a conclusion that a litigant in a post-judgment matrimonial proceeding has not "shown . . . a substantial change of circumstances warranting a modification" of a prior order is "insufficient under [Rule] 1:7-4(a), [which] require[s] findings of fact and reasons given for conclusions reached").

In sum, "[m]eaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). Unfortunately, the trial court's rulings in this case did not satisfy these requirements.

Among other things, the parties were at loggerheads over the amount of money due defendant following a refinance of the mortgage on the former marital home. Defendant argued that plaintiff owed her $16,035.75, while plaintiff asserted he was only obligated to pay $6,035.75. In the November 15, 2018 order, the judge directed plaintiff to pay defendant $16,035.76,[1] but failed to make adequate findings explaining how he resolved the parties' dispute. Instead, he simply stated that plaintiff failed to provide "any alternate

---

[1] The judge did not explain the one-penny discrepancy between the amount defendant sought for equitable distribution ($16,035.75) and the amount he awarded her ($16,035.76).

calculation or figure" to that proposed by defendant.  However, plaintiff <u>did</u> present a handwritten calculation of what he believed he owed, and attached it to his certification in opposition to defendant's motion.  Thus, the judge's findings on this issue were plainly inadequate.

The judge granted defendant's motion for child support and set plaintiff's obligation at $291 per week.  However, the judge again provided no explanation concerning how he calculated this support.  Defendant asked that child support be based upon plaintiff having 108 overnights with the parties' child, while plaintiff insisted he was spending 140 overnights with the child.  In addition, the parties could not agree whether defendant should pay for the child's health insurance and receive a credit in the child support calculation for doing so, or whether the credit should go to plaintiff based on his contention that he could procure coverage at a less expensive rate.  The judge did not address the parties' conflicting positions and, as a result, did not satisfy the requirements of <u>Rule</u> 1:7-4.

On appeal, plaintiff argues that the matter must be reversed and remanded because the judge failed to provide any meaningful or timely explanation for the rulings he made.  For the reasons set forth above, we agree.

A-1783-18T3

Accordingly, we reverse the provisions of the November 15, 2018 order requiring plaintiff to pay defendant $16,035.76 in equitable distribution,[2] and $291 per week in child support. We remand the matter to the Family Part for a new consideration of defendant's requests for these payments. Pending the completion of the remand, plaintiff shall continue to pay defendant $291 per week in child support, subject to a possible retroactive adjustment when child support is calculated anew.

The trial judge did not explain why he did not conduct a plenary hearing before entering the two disputed provisions of the November 15, 2018 order. Of course, "[a] hearing is not required or warranted in every contested proceeding for the modification of a judgment or order[.]" Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998). However, "in a variety of contexts, courts have opined on the impermissibility of deciding contested issues of fact on the basis of conflicting affidavits or certifications alone." State v. Pyatt, 316 N.J. Super. 46, 50 (App. Div. 1998) (citations omitted). In particular, where the papers filed raise issues of fact or require credibility determinations, relief

_____

[2] We note that defendant represented in her appellate brief that the parties had amicably resolved the equitable distribution issue. However, the parties submitted no documentation supporting this assertion. Therefore, the trial court shall address defendant's claim that this issue is now moot as part of the remand proceedings.

A-1783-18T3

cannot be granted or denied absent a plenary hearing.  <u>Whitfield v. Whitfield</u>, 315 N.J. Super. 1, 12 (App. Div. 1998).  Here, the parties filed conflicting certifications on both of the issues in dispute.  Thus, on remand, the trial court shall carefully consider whether a plenary hearing is required to resolve the factual issues raised by the parties.

In remanding this matter, we make clear that nothing within this opinion forecasts any views on the merits of these issues nor on the question of which party may be entitled to prevail after a full and complete consideration on the merits of their respective claims.  We say no more than that because the trial court failed to provide adequate findings of fact and conclusions of law, the issues presented are not ripe for decision.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1783-18T3