230 N.J. Super. 493 (1988)
553 A.2d 891
PATRICIA M. HURLEY, PLAINTIFF,
v.
RICHARD HURLEY, DEFENDANT.
Superior Court of New Jersey Law Division Hunterdon County.
Decided December 2, 1988.
*494 R.J. Durst for plaintiff (Bernhard, Durst & Dilts, attorneys; Christina O. Hall on the brief).
*495 Deborah A. Woodbury for defendant (Blumberg & Rosenberg, attorneys).
GRIFFIN, J.S.C., (retired and temporarily assigned on recall).
This is a post-judgment motion brought by defendant to reduce or terminate alimony. The judgment of divorce provided, by agreement, for alimony to be paid for 36 months. Is short-term alimony subject to modification because of a sustantial change of circumstances? Mr. Hurley contends that his ex-wife is living with her paramour and his daughter in her home.
If an agreement "can qualify as a property settlement, and can likewise be shown to have been fair and equitable ... [the agreement] will be a bar to" modification. Smith v. Smith, 72 N.J. 350, 358 (1977). Further, if the agreement contains elements of support, those elements are always subject to modification. Ibid.; see also Chalmers v. Chalmers, 65 N.J. 186, 192 (1974) and N.J.S.A. 2A:34-23.
Generally, when analyzing modifiable issues such as alimony or child support, "consensual agreements and judicial decrees should be subject to the same standard of changed circumstances." Lepis v. Lepis, 83 N.J. 139, 148 (1980). In the case at bar, counsel are at odds as to the type of alimony ordered. The judgment simply states:
The defendant-husband shall pay to the plaintiff-wife alimony at the rate of $1,000.00 per month for a period of 36 consecutive months commencing with the month of November 1987. Said payments shall be made $500.00 on the 1st of each month and $500.00 on the 15th of each month. Alimony payments shall cease in the event of remarriage or death of the plaintiff. [Emphasis supplied]
The portion emphasized was clearly added after the initial draft as it was in a different type and pitch and inserted between two paragraphs. This was an obvious attempt by counsel to comply with I.R.C. §§ 71(b)(1) and 215 to permit the *496 alimony to be deductible by defendant and includable by plaintiff on their respective federal tax returns.
Though the general premise of modification is well entrenched in New Jersey family law, there is a strong movement by the bar to attempt to add greater finality and permanence to the alimony issue. Lawyers have used various techniques such as, incorporating the language of non-modifiability, or including a short dissertation of the extensive settlement negotiations, in an attempt to foreclose the modification of alimony.
Plaintiff urges the court to view the property settlement agreement as a contract which contains fully bargained-for exchanges so as to immunize the issue of alimony from modification. Plaintiff further contends that since the property settlement agreement only specified two contingencies (remarriage or death) for termination of the alimony and neither contingency has come to pass, the alimony is not subject to modification.
Even though alimony ordinarily is subject to modification, see Lepis, supra at 145; Lynn v. Lynn, 153 N.J. Super. 377, 382 (Ch. Div. 1977), rev'd 165 N.J. Super. 328 (App.Div. 1979); and N.J.S.A. 2A:34-23, the court may consider the tradeoffs that are shown to have occurred between support and equitable distribution as a factor in modifying alimony. In the case of Shifman v. Shifman, 211 N.J. Super. 189 (App.Div. 1986), the court held:
there may ... be trade-offs between the distribution of assets and support obligation in any matrimonial settlement agreement ... [w]here such trade-offs are shown to have occurred, this may be taken into account along with all other circumstances in determining whether an award of alimony should be modified. [at 195]
Also, this court must determine whether movant-defendant has carried the "burden of establishing that there are changed circumstances" that call for the relief sought. Martindell v. Martindell, 21 N.J. 341, 353 (1956).
In Garlinger v. Garlinger, 137 N.J. Super. 56 (App.Div. 1975), the Court set forth the following test:

*497 1.) If it is shown that the wife is being supported whole or in part by the paramour, the former husband may come into court for a determination of whether the alimony should be terminated or reduced, or
2.) If the paramour resides in the wife's home without contributing anything toward the purchase of food or the payment of normal household bills, then there may be a reasonable inference that the wife's alimony is being used, at least in part, for the benefit of the paramour, in which case it could be argued with force that the amount [of alimony] .. . should be modified. [at 64]
In the later case of Gayet v. Gayet, 92 N.J. 149, 153-154 (1983), the Court found that cohabitation by the divorced spouse constituted changed circumstances and the payor spouse was entitled to discovery and a hearing for modification. To decide what the Gayet court meant by the term "cohabitation," this court relies on the case of Pugh v. Pugh, 216 N.J. Super. 421, 425-426 (App.Div. 1987). The Pugh court equated cohabitation with some assemblage of a single economic unit. Applying Pugh to the case sub judice, if there is:
1.) a showing of support or subsidization to plaintiff, or
2.) any change in plaintiff's economic needs, or
3.) new resources resulting from plaintiff's relationship with Mr. Maurio and his daughter, then changed circumstances exists.
There will be a plenary hearing to determine:
1. Whether the so-called short-term alimony really was alimony, or a bargained-for consideration, hence more in the nature of equitable distribution?
2. If it is subject to modification, should there be a change due to present circumstances?
If there is a modification, it may be retroactive to the date of the start of the cohabitation. See Calcaterra v. Calcaterra, 206 N.J. Super. 398, 404 (App.Div. 1986).
The hearing will be scheduled not before February 1, 1989 to allow time for limited discovery if desired by counsel.