240 N.J. Super. 204 (1990)
572 A.2d 1199
JANICE E. FINCKIN (NOW KINKEAD), PLAINTIFF,
v.
HARLEY FINCKIN, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided January 10, 1990.
Freeman & Drisgula, attorneys, for plaintiff.
Traina & Traina, attorneys, for defendant.
KRAFTE, J.S.C.
Can parties to a property settlement agreement bargain away their right to modify its terms due to changed circumstance *205 in view of Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980)? This court finds that an "anti-Lepis" clause can properly be included in such an agreement.
The parties were divorced by final judgment entered on February 22, 1985. The property settlement agreement thereby incorporated provided, among other things, for the payment of one-half of the college expenses for their son. The following language was also included:
... parties acknowledge that the rationale in the case of Lepis vs. Lepis, 83 N.J. 139, 416 A.2d 45 (1980), has been explained to them in the sense that a substantial change of circumstances would permit either party to make an application to a court of competent jurisdiction to modify the within Agreement. It is the intention of the parties hereto, that the rationale of the Lepis case not apply to any present or future interpretation of the reasonableness of this Agreement, for they intend, and they acknowledge, that this Agreement shall express their rights and obligations for now and for all time, despite substantial changes in their monetary circumstances.
Plaintiff-mother has moved to enforce this agreement and have defendant-father pay his share of the college expenses, now due and owing. At the same time, defendant cross-moved for relief by way of a downward modification in his obligation to pay these expenses due to his decreased income. He claims his earnings are substantially less than at the time of the divorce because a health problem prevents him from doing any physical labor.
It is axiomatic that a property settlement agreement will be enforced to the extent it is fair and equitable. Carlsen v. Carlsen, 72 N.J. 363, 371 A.2d 8 (1977). The agreement here is explicit, with no stipulation as to what factors may contribute to the changed circumstances which may arise at any point in the future. Their rights and obligations were explained at the time the agreement was entered, both parties were represented by competent counsel, and any rights to modification were waived at that time. Thus, both parties are bound by the specific terms of that agreement.
Generally, the public policy of a state reflects its constitution, its legislative acts and its judicial decisions. The agreement *206 here is not contrary to any statute nor does it violate any constitutional rights of the parties. While Lepis provides for modification under certain circumstances, this property settlement agreement clearly incorporates language of non-modifiability in order to provide greater finality. This practice has been recognized by the courts. Hurley v. Hurley, 230 N.J. Super. 493, 553 A.2d 891 (Ch.Div. 1988). "In essence, defendant applies to this court to be relieved from his obligations set forth in a fully negotiated agreement with plaintiff for which each party gave due and full consideration." Harris v. Harris, 235 N.J. Super. 434, 438-439, 563 A.2d 64 (Ch.Div. 1989).
As this court finds no public policy to support prohibiting the inclusion of an "anti-Lepis" clause in a voluntary property settlement agreement, no modification shall be granted.