593 A.2d 365

BARNEY FREDERICK SLAYTON, PLAINTIFF–APPELLANT,
v. JANET SLAYTON, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1991—Decided July 19, 1991.

Before Judges LONG and R.S. COHEN.

*Patricia E. Apy* argued the cause for appellant (*Apy, Apy and Gardstein,* attorneys).

*John F. DeBartolo* argued the cause for respondent (*Atkinson & DeBartolo,* attorneys).

The opinion of the court was delivered by

LONG, J.A.D.

Plaintiff Barney Frederick Slayton and defendant Janet Slayton were married in July 1978 and divorced in 1985. Incorporated into the final judgment of divorce was a property settlement agreement which set forth the resolution of the financial issues in the case. Included was a provision for alimony to be paid to defendant in the amount of $150 per week for three and one-half years beginning on September 2, 1985. In addition, the agreement equitably distributed the parties' assets. Among other things, defendant waived her right to plaintiff's military pension (he retired from the United States Army after twenty-two years in 1989).

Plaintiff remarried, moved to Texas, and became the father of an infant daughter in 1988. The parties apparently lived by the agreement until 1989. In March of that year, defendant moved before the trial judge to modify the final judgment to extend her alimony payments. After a plenary hearing at which plaintiff asserted his inability to pay extended alimony, the trial judge granted defendant's motion and alimony was ordered extended retroactive from March 1989 through April 1991. Plaintiff did not appeal. He simply ignored the order. In June 1990, after unsuccessfully attempting to garnish plaintiff's wages in Texas and after receiving no payments for fifteen months, defendant filed a motion in aid of litigant's rights and for execution upon the plaintiff's military pension based upon plaintiff's failure to make payment in accordance with the August 7, 1989 order.

Plaintiff filed a cross-motion dated July 31, 1990 for termination of alimony. Plaintiff reiterated his financial inability to comply with the court's prior order and proffered the changed circumstances of a substantial reduction in family income occasioned by his current wife's unanticipated inability to return to full-time employment and real estate expenses and losses, coupled with his loss of income due to retirement.

It appears that at the time of the motion, plaintiff's pension payments were approximately $2,188 per month or $26,256 annually. In addition, he acknowledged in his Case Information Statement other employment which afforded him an additional $1,000 per month.

After the hearing, the trial judge denied plaintiff's motion and entered an order of execution on plaintiff's retirement pay at the rate of $600 per month for a period of two years to satisfy defendant's right to receive continued rehabilitative alimony.

The order of the trial judge was served on the United States Army Finance and Accounting Center and defendant has been receiving direct payment since September 1990. Plaintiff

appeals. In so doing, he does not contend that he is financially unable to satisfy the award. His arguments are that:

POINT I:

THE TRIAL COURT ERRED IN GARNISHING THE MILITARY PENSION OF THE PLAINTIFF IN THAT BOTH THE PROVISIONS OF *N.J.S.A.* 2A:34–23 AND THE SUPREME COURT DECISION IN *INNES v. INNES*, MAKE PENSION BENEFITS ALREADY EQUITABLY DISTRIBUTED BETWEEN THE PARTIES IMMUNIZED FROM FURTHER CONSIDERATION IN THE AWARD OR PAYMENT OF ALIMONY WHERE THAT PENSION IS CONVERTED TO PAY STATUS.

POINT II:

THE TRIAL COURT IMPERMISSIBLY CONSIDERED THE AVAILABILITY OF THE PLAINTIFF'S PENSION INCOME IN DENYING PLAINTIFF'S MOTION FOR TERMINATION OF ALIMONY.

We disagree and affirm. First, only 7/22 of plaintiff's pension was acquired during the marriage and that was all that was subject to equitable distribution. *Moore v. Moore*, 114 *N.J.* 147, 553 *A.*2d 20 (1989); *Whitfield v. Whitfield*, 222 *N.J.Super.* 36, 535 *A.*2d 986 (App.Div.1987). Thus, of the $2,188 monthly pension, $1491.81 is not immune under any theory. *Innes v. Innes*, 117 *N.J.* 496, 569 *A.*2d 770 (1990). Accordingly, that portion of plaintiff's pension along with his present earned income could be considered by the trial judge in calculating the ability of plaintiff to pay continued alimony.

As to the wage execution, plaintiff misreads the immunity provided in *Innes, supra,* and *N.J.S.A.* 2A:34–23. What *Innes* and the statute prescribe is the entirely sound proposition that an asset which was equitably distributed may not thereafter be considered in an alimony calculation. From this, plaintiff argues that anything he received in equitable distribution is immune from execution to pay a just debt owed his former wife. Not so. An item which was equitably distributed may indeed be tapped as a fund out of which otherwise calculated alimony may be satisfied. Such a state of affairs does not involve the double-counting prohibited by *Innes* and the statute and furthers the aim of our family law on support by subjecting

to execution assets of a contumacious payor spouse to satisfy a legitimate alimony obligation.

Thus, we affirm.