**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3303-17T1

CYNTHIA ALLEN,

    Plaintiff-Appellant,

v.

SYLVESTER ALLEN,

    Defendant-Respondent.

_____

Argued November 4, 2019 – Decided January 3, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-1352-10.

Cynthia Allen, appellant, argued the cause pro se.

Giovanna Lombardo argued the cause for respondent (Mullen Law, LLC, attorneys; Mitchell L. Mullen and Giovanna Lombardo, of counsel and on the briefs).

PER CURIAM

Plaintiff Cynthia Allen appeals from four aspects of a February 9, 2018 Family Part post-judgment order granting one aspect of defendant Sylvester Allen's motion and denying certain aspects of her cross-motions in this divorce action.[1]  Based on our review of the record, in light of the applicable law, we affirm in part and reverse and remand in part.

I.

The parties were married in August 1997, had a son born in February 1999, and were divorced on January 25, 2011.  The final judgment of divorce (FJOD) set forth the terms agreed upon by the parties regarding custody, parenting time, child support, spousal support, equitable distribution, and attorney's fees.  The FJOD incorporated certain support provisions from a March 2010 consent order.

Pertinent to this appeal, the parties owned a single family residence in Sicklerville.  The settlement provided that plaintiff remained in exclusive possession of the former marital residence until further court order.  Plaintiff was designated as parent of primary residence.

---

[1] Following the oral argument on appeal, we invited plaintiff and defendant's counsel to submit supplemental letter briefs amplifying their oral arguments. We have received and considered those post-argument submissions.

The parties agreed to list the property for sale. Upon sale of the property, the net sale proceeds would be divided with plaintiff receiving one-half plus $30,000. Until the house was sold, the parties agreed to continue the support arrangements set forth in a March 2010 consent order with one exception. The consent order obligated defendant to make the following payments pendente lite: (1) the mortgage, association fees, and utilities authority fees on the marital home; (2) $300 unallocated support to plaintiff; and (3) tuition and school related expenses for the son's continued attendance at Gloucester County Christian School. The FJOD shifted responsibility for the son's tuition at Gloucester County Christian School to plaintiff.

The parties' son is now twenty years old but is not emancipated. He is enrolled as a fulltime student in his third year at Temple University. The parties equally share his college expenses. Defendant is also obligated to plaintiff child support in the amount of $300 per month.

The FJOD further provided that defendant agreed to pay plaintiff term alimony of $160 per week commencing one week after the sale of the marital residence and ending December 31, 2017. The alimony was secured by requiring defendant to maintain his existing life insurance policy. Following the alimony end-date of December 31, 2017, defendant was to change the life

insurance beneficiary to the son to secure child support and college expense contributions. The house was sold in December 2017. The mortgage was paid off from the sale proceeds.

Plaintiff filed a Chapter 13 bankruptcy in 2015. She argues defendant defaulted on the mortgage payments in December 2015, substantially increasing the total to be paid to the Chapter 13 Standing Trustee to cure the mortgage arrears by $8,111.63.

The parties engaged in post-judgment motion practice. The three most recent proceedings are relevant to this appeal.

At an August 4, 2017 hearing, defendant requested the court to grant him a power of attorney for anything related to the sale of the former marital home. He claimed plaintiff was being uncooperative in the sale of the property. In response, plaintiff filed several cross-motions including three of the four issues now on appeal.[2] The August 2017 order: (1) reserved decision on plaintiff's cross-motion for reimbursement of the alleged $8,111.63 increase in amount she was required to pay to the Chapter 13 Trustee as a result of defendant's mortgage payment default; (2) reserved decision on plaintiff's cross-motion for defendant

---

[2] The fourth issue, involving defendant's request to reclassify payments from child support to alimony, did not arise until the February 2018 hearing.

to reimburse her for "expenses related to [the son's] senior year of high school"; and (3) granted plaintiff's cross-motion to provide her with defendant's Primerica Life Insurance policy, pursuant to the parties FJOD.

The next hearing took place on October 10, 2017. In regard to reimbursement for the $8,111.63 in claimed increased bankruptcy obligations, the court again reserved on this issue "pending the submissions from both parties regarding the mortgage payment." In regard to information about defendant's Primerica Life Insurance policy, the court required defendant to turn over all information concerning the policy to plaintiff. In regard to reimbursement for the son's senior high school expenses, the court denied this request without prejudice and directed plaintiff to submit documents verifying the expenses.

Subsequently, defendant filed a motion to reclassify a payment of $4,936.50 from child support to alimony. In response, plaintiff filed more cross-motions making the same arguments heard at the October 2017 hearing. The party's motions were heard at a February 2018 hearing, where both plaintiff and defendant were represented by counsel.

Following that hearing, the trial court: (1) denied plaintiff's request for reimbursement for the $8,111.63; (2) denied plaintiff's demand for reimbursement of the son's senior high school expenses; (3) found plaintiff's

5

application for information about defendant's life insurance moot because, at that point in time, plaintiff was no longer entitled to alimony; and (4) granted defendant's request to reclassify payment totaling $4,936.50 from child support to alimony. Plaintiff appeals from these four rulings.

On appeal, plaintiff argues the trial court erred by: (1) denying reimbursement for the $8,111.63 increase in required bankruptcy trustee payments; (2) denying reimbursement for the son's senior high school expenses; (3) denying disclosure of the policy amount and named beneficiary of defendant's Primerica life insurance policy; and (4) granting defendant's motion to re-classify defendant's payments from child support to alimony

II.

Our review of Family Part orders is generally limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We will not disturb the factual findings and legal conclusions unless

convinced they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review. Id. at 565.

A.

Guided by these principles, we first address plaintiff's challenge to the denial of reimbursement of the $8,111.63 in increased payments she allegedly had to remit to the Chapter 13 Trustee as a result of defendant's mortgage payment default. She contends "[a]t no time should [she] have been responsible for mortgage payments according to the Divorce Decree through Bankruptcy or otherwise since it was written into the court orders from the beginning and the [d]efendant signed it as part of the Property Settlement Agreement." Defendant contends plaintiff did not properly raise this issue before the trial court and, in any event, the mortgage was satisfied through the sale of the marital home.

The record does not demonstrate that plaintiff submitted competent evidence to the trial court establishing the amount of the delinquent mortgage payments and the alleged resulting increase in her Chapter 13 Trustee payments.

Instead, she relied on a conclusory email and letter by her bankruptcy attorneys that did not provide verification of the amounts involved. Accordingly, plaintiff failed to sustain her burden of proof in the trial court. For this reason, we discern no abuse of discretion or error by the trial court in denying plaintiff's request for reimbursement.

B.

We next address the denial of plaintiff's cross-motion for reimbursement of the son's senior-year school expenses. Plaintiff claims the expenses totaled $4,276.95.

The August 2017 order reserved the issue. At the October 2017 hearing, the trial judge stated, "I don't have documentation showing the total amount of [the senior year expenses]. . . . I'm going to deny that without prejudice. I need that today." The October 2017 order reflects this ruling.

Subsequently, plaintiff filed another cross-motion for defendant "to pay his share of [the son's] senior expenses within thirty days." At the February 2018 hearing, the following colloquy occurred:

> THE COURT: – is the senior expenses. I already ruled on that. I already ruled on the senior expenses last time.
>
> [Plaintiff's counsel]: I thought it was denied without prejudice previously and – because she didn't have her

proofs at that point in time. But, now she does have proof showing over $3400 of senior expenses –

THE COURT: Yeah.

[Plaintiff's counsel]: – for [their son]. And, –

THE COURT: We're not – I'm not going to keep going back and forth, and back and forth, and back and forth with these people, no.

The court entered the February 2018 order denying plaintiff's request for reimbursement of the son's senior expenses. Defendant contends the issue of the senior expense reimbursement was previously litigated and denied. He argues "it is improper for the [p]laintiff to continue to raise a formerly adjudicated issue and the trial court's ruling on this issue should not be disturbed, especially given the fact that the expenses that she is seeking reimbursement for are over three years old." We disagree.

The record reveals that the trial court did not issue a decision on the merits. Rather, it merely denied plaintiff's prior application without prejudice. Plaintiff was not precluded from refiling the application. When she did just that, the court mistakenly denied the application as having been previously decided on the merits.

Accordingly, we are constrained to reverse and remand this issue to the trial court for a decision on the merits. We leave it to the sound discretion of

the trial court to determine if additional submissions will be permitted and whether a plenary hearing is required.

C.

Next, we address the denial of plaintiff's cross-motion to compel defendant to provide information regarding his Primerica Life Insurance policy. Plaintiff initially filed a cross-motion for information regarding respondent's life insurance. The August 2017 order required defendant to provide "proof and information" regarding his Primerica Life Insurance policy by September 15, 2017.

At the October 2017 hearing, plaintiff raised this issue again, contending defendant had still not provided her with the Primerica policy information. The trial court granted the motion in part, ordering defendant "to provide proof and information" regarding the Primerica policy pursuant to the FJOD. It also stated "[d]efendant shall provide proof of the Life Insurance policy that was in effect at the date of divorce within two (2) weeks." More specifically, the trial court stated: "You're going to show that it is still in effect and that she's the beneficiary."

Following this, plaintiff filed another cross-motion to compel "[d]efendant to provide all life insurance information to [p]laintiff's counsel

within one week." At the February 2018 hearing, the judge stated this issue was "moot" because at that point plaintiff was no longer entitled to alimony.

Plaintiff contends that the FJOD required defendant to maintain the Primerica life insurance then in effect. Conversely, defendant argues that since the purpose of the life insurance was to secure defendant's alimony obligation, the life insurance requirement terminated when alimony ended.

The FJOD provides defendant "will maintain his current life insurance for [plaintiff] until December 31, 2017, at which time he can change the beneficiary to the child until the child is emancipated." The change of beneficiary clause coincides with the date alimony ended. The FJOD does not state that defendant may terminate the life insurance when alimony ends. Instead, it allows changing the beneficiary from plaintiff to their son until he is emancipated. Implicit in this beneficiary change is that the policy would secure required child support and college expense contributions that fell due after alimony ended.

Defendant does not contend their son is emancipated. We conclude defendant is required to maintain the same level of life insurance, with their son named as beneficiary, until he is emancipated. At oral argument before this court, defendant contended the life insurance was still in effect but he had not

provided proof of the coverage or beneficiary designation to plaintiff, the trial court, or this court.

The trial court erred in finding this issue moot. We reverse and remand this issue for a determination whether defendant has maintained the required life insurance. Defendant shall provide proof of policy amount and named beneficiary of his life insurance to plaintiff and the trial court within twenty days. The trial court shall then determine if the required life insurance coverage is in place, and if not, issue an appropriate order enforcing litigant's rights.

D.

Last, plaintiff argues the trial court erred by granting defendant's application to reclassify payments totaling $4,936.50 from child support to alimony. However, at the February 2018 hearing, the trial court asked plaintiff's counsel, "do you have any objection to me calling [the $4936.50] for arrears alimony?" Plaintiff's counsel responded, "[n]o, the amount has been paid. So, we don't have any issue . . . with the way it's categorized, Your Honor." As a result, the court granted defendant's motion to re-classify the payments as alimony.

Plaintiff contends that reclassifying the payment as alimony renders it taxable income to plaintiff and deductible by defendant. The previous tax laws

provided that alimony and separate maintenance payments received by a party to a divorce agreement are income to the recipient and deductible to the payor.[3] See Hurley v. Hurley, 230 N.J. Super. 493, 495-96 (Ch. Div. 1988) (acknowledging the former federal tax law scheme).

The record is devoid of any evidence that plaintiff suffered an adverse tax consequence from reclassifying the payments as alimony. Plaintiff's counsel, who is presumed under the law to be acting as plaintiff's agent, in effect withdrew any objection to the reclassification during oral argument before the trial court. At oral argument before this court, plaintiff acknowledged that she did not suffer an adverse tax consequence or other harm from the reclassification. Consequently, we discern no error by the trial court.

Affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] 26 U.S.C. §§ 71, 215 repealed by Tax Cuts and Jobs Act of 2017, Pub. L. 115-97, Title I, § 11051(b), 131 Stat. 2054, 2089-90 (2017).

A-3303-17T1