**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0644-19T4

W.S.H.,

    Plaintiff-Respondent,

v.

V.L.P.,

    Defendant-Appellant.

_____

Submitted January 5, 2021 – Decided January 22, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0289-14.

Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, of counsel and on the brief),

The Law Office of Louis G. Guzzo, attorneys for respondent (Louis G. Guzzo, on the brief).

PER CURIAM

In this appeal of a post-judgment matrimonial order, defendant V.L.P. (Valerie, a fictitious name) argues that the motion judge erred by denying, without an evidentiary hearing, a modification and clarification of the alimony, child support, and equitable distribution obligations she owes to plaintiff W.S.H. (Warren, also a fictitious name) pursuant to the judgment of divorce. We find no merit in her arguments and affirm.

The record reveals that the parties married in 2000, had two children – a son born in 2006 and a daughter born in 2008 – and divorced by way of a June 8, 2017 final judgment, which incorporated three separate consent orders. The first consent order obligated Valerie to pay Warren alimony for five years at a monthly rate of $5000. The second permitted Valerie to retain all the parties' real estate as well as complete ownership of her business in exchange for her agreement to pay $400,000 to Warren over a considerable period of time.[1] The third consent order addressed custody and parenting time issues that are not at issue here.

---

[1] The first $100,000 was to be paid over three years in annual amounts of $33,333.33, on the first day of each September starting in 2016. The payment of the remaining $300,000 was to commence the month following the last monthly alimony payment, which was scheduled to end in May 2021. That $300,000 was to be paid via 112 $2666 monthly installments, and the last 113th installment in the amount of $1408.

A-0644-19T4

By the time the judgment was entered, Valerie was already in arrears. A family judge entered an order on October 11, 2017, that granted Warren's motion for enforcement and concluded Valerie was nearly $15,000 in arrears. Valerie was ordered to pay alimony through the probation department, including $1000 per month against the arrears, as well as her regularly scheduled payments, as required by the divorce judgment.

In July 2019, Warren again moved for enforcement, asserting that Valerie's alimony arrears had increased beyond $50,000 and that she had failed to make the $33,333.33 equitable distribution payment due on September 1, 2018.[2] Valerie cross-moved, seeking, among other things: a "[r]estructuring" of the monthly equitable distribution payments "due to a substantial change in circumstances"; an increase in the child-support credit deducted from her alimony payments "reflecting medical, vision, dental, orthodontic, extra-curricular and educational expenses"; a declaratory judgment that would relieve

---

[2] The prior motion, and the motion and cross-motion that produced the order under review, sought other relief, particularly in the area of custody and parenting time. Because those issues have not been raised or implicated on appeal, we need not address them or how they were resolved.

A-0644-19T4

her of the "anti-Lepis"[3] clause contained in the judgment of divorce; a modification that would require Warren to pay her child support; and a recalculation of the alimony arrears because of certain alleged credits.

The motion judge heard oral argument on these cross-motions and, without an evidentiary hearing, entered an order and a written opinion on September 13, 2019, that resolved all the issues presented. The judge ordered Valerie to pay Warren: the monthly $5000 alimony payments on a timely basis; $56,798 in alimony arrears within thirty days; and the $33,333.33 equitable distribution, which was due on September 1, 2018, within thirty days. The judge also denied Valerie's motion to revisit or modify the alimony, child support and equitable distribution terms of the divorce judgment.

Valerie appeals, arguing in a single point:

> THE FAMILY JUDGE ERRED IN DENYING
> WITHOUT A PLENARY HEARING [VALERIE'S]
> REQUESTS TO MODIFY AND CLARIFY THE
> PARTIES' ALIMONY AND CHILD SUPPORT
> OBLIGATIONS, AND TO MODIFY [VALERIE'S]
> EQUITABLE DISTRIBUTION PAYMENT

---

[3] In Lepis v. Lepis, 83 N.J. 139, 146 (1980), the Court recognized the power to modify court ordered alimony or child support upon a showing of changed circumstances. An anti-Lepis clause purports to prohibit the obligor from filing a motion for that relief; whether such clauses will be enforced depends on several factors. See Morris v. Morris, 263 N.J. Super. 237, 240-41 (App. Div. 1993); see also Smith v. Smith, 261 N.J. Super. 198, 199 (Ch. Div. 1992); Finckin v. Finckin, 240 N.J. Super. 204, 205 (Ch. Div. 1990).

4

SCHEDULE, IN LIGHT OF THE SIGNIFICANT DOWNTURN IN [VALERIE'S] FINANCIAL CIRCUMSTANCES.

We find insufficient merit in this argument to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth by Judge Eric G. Fikry in his written opinion. We add only a few brief comments.

Valerie's attack on the stipulated terms of the three consent orders that were rolled into a judgment of divorce is without merit. Judge Fikry properly recognized that the agreements of matrimonial litigants are "entitled to considerable weight with respect to their validity and enforceability," Petersen v. Petersen, 85 N.J. 638, 642 (1981), so long as the terms are fair and just. The parties were represented by counsel throughout the proceedings; the motion judge correctly recognized that the parties' "fair and definitive arrangements arrived at by mutual consent" were not to be "unnecessarily or lightly disturbed." Id. at 645. Valerie's factual presentation was insufficient to form the basis for a valid argument to upset the parties' consensual arrangement or require an evidentiary hearing. Her arguments – expressed in generalities – reveal only her remorse with the various agreements embodied in the judgment; her allegations are neither specific nor compelling and do not warrant further inquiry.

A-0644-19T4

Valerie's arguments also fall far short of suggesting a ground for avoiding the anti-Lepis provision; even assuming that provision's absence, Valerie's submissions to the motion judge failed to suggest sufficiently changed circumstances so as to allow a modification of the alimony obligation or the equitable distribution payment schedule.[4]

While Valerie claimed she was incapable of complying with the financial terms of the divorce judgment, Warren asserted that Valerie: owns three homes; possesses both a Porsche and a Range Rover; and traveled extensively during the period of time covering her claim of a financial downturn. Valerie acknowledged the accuracy of these assertions and did not deny Warren's claim that she had recently purchased a Philadelphia home – her third home – which cost nearly $2,000,000. In attempting to downplay the significance of these facts, Valerie claimed, without documentation or specification, that there is

---

[4] While Valerie's application to modify the support obligations was governed by the principles set forth in Lepis and its progeny, her attack on the equitable distribution portions of the judgment required consideration of Rule 4:50-1(f), see Harrington v. Harrington, 281 N.J. Super. 39, 49 (App. Div. 1995). In any event, the judge correctly recognized that there was nothing unfair or inequitable about the judgment's financial provisions and that Valerie's financial circumstances had not undergone a sufficient change to warrant a modification or even an evidentiary hearing into that question.

A-0644-19T4

"very little equity" in the three homes.[5]   She asserted, and provided documentation, that the vehicles are leased not owned, but her documentation shows that the monthly lease payments on the two vehicles collectively amounted to approximately $3000, a large vehicle expenditure for one person, particularly one who claiming to have financial problems.  Valerie also did not deny the extensive traveling pointed out by Warren but asserted this was for the benefit of their oldest child, who participates in "sledge hockey," a sport that she claims is played mostly outside the United States.

Valerie also failed to provide an understandable analysis of her income and expenditures,[6] let alone demonstrate why some of her expenditures should

---

[5] Valerie's most recent case information statement asserted that the three homes – in Shamong, North Wildwood, and Philadelphia – had values of $650,000, $815,000, and $1,800,000, respectively, with outstanding mortgage balances of approximately $401,000, $626,000, and $1,425,000, respectively.  By her own submissions, the so-called "very little equity" in these three homes amounts to more than $800,000.  Of course, even though the numbers Valerie provided belie her general, self-serving assertion of "very little equity," the court was entitled to find insufficient merit in Valerie's arguments simply by recognizing that Valerie chose to own three homes rather than reduce her expenditures to enable her to honor her court-ordered commitments.  To quote a familiar equitable maxim, one must be just before being generous.  B.B. v. Mell, __ N.J. Super. __, __ (App. Div. 2020) (slip op. at 10).

[6] The confidential appendix contains Valerie's case information statements from 2015 and 2018.  Where she should have delineated her net income in the former, Valerie referred only to other tax records that do not appear to be in the record

take precedence over her court-ordered obligations to timely pay alimony and the periodic equitable distribution obligations. Without greater specificity and clarity, the judge rightfully denied the request for an evidentiary hearing.

Indeed, while Valerie has claimed that her business has suffered a downturn, she has provided little evidence to support that self-serving statement. She attached to her cross-moving certification a letter from an attorney who expressed her client's "inten[t]" to terminate a service agreement the client had with Valerie's company. Nothing but an unsupported statement in her brief suggests the value of that service agreement or its overall impact on Valerie's business.

In short, because of her inadequate factual presentation, and for the other reasons set forth in Judge Fikry's written opinion, we find no substance in Valerie's argument that the judge should have conducted an evidentiary hearing or erred by denying her application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

_____

on appeal. The latter states that Valerie's net income after taxes in 2018 was approximately $250,000. So, even if it were assumed that her business had a downturn, the net income amount acknowledged in the case information statement was clearly sufficient to enable her to pay Warren that which was required by the judgment of divorce.

A-0644-19T4