**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4297-19

W.S.H.,

    Plaintiff-Respondent,

v.

V.L.P.,

    Defendant-Appellant.

_____

        Submitted September 21, 2021 – Decided February 16, 2022

        Before Judges Fisher and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0289-14.

        Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

        The Law Office of Louis G. Guzzo, attorneys for respondent (Louis G. Guzzo, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant V.L.P. appeals from the May 20, 2020 and July 24, 2020 orders of the Family Part compelling her to sell her North Wildwood vacation home to satisfy her equitable distribution and alimony arrears, and appointing an attorney-in-fact to act on her behalf to effectuate the sale.[1]  We affirm.

I.

The parties were married in May 2000.  The marriage produced two children.  Plaintiff W.S.H. filed for divorce in September 2013.

A dual final judgment of divorce was entered on June 8, 2017.  The judgment incorporated three consent orders, two of which are relevant here.  The June 1, 2016 consent order obligated V.L.P. to pay W.S.H. $5,000 per month in alimony for five years beginning May 2016.  The August 3, 2016 consent order detailed the parties' agreed upon shares of equitable distribution.  W.S.H. retained the personal property and vehicles in his possession.  V.L.P. retained sole ownership of the parties' Shamong and North Wildwood houses, her business, all personal property in her possession and in the houses, and the vehicles in her possession.  She was also obligated to pay W.S.H. $400,000 in equitable distribution pursuant to a schedule.  Payments of $33,333.33 were due

---

[1]  We use initials to protect the identity of the parties' children.

on September 1, 2016, 2017, and 2018. The remaining $300,000 was to be paid in monthly installments over a 9.4-year period beginning in 2021.

Soon after the judgment of divorce was entered, V.L.P. fell into arrears. On October 11, 2017, the trial court granted W.S.H.'s motion to enforce the judgment and consent orders. The trial court ordered V.L.P. to make her regularly scheduled alimony payments and pay an additional $1,000 per month against her $15,000 arrearage through the Probation Department.

V.L.P. continued to fall further into arrears. W.S.H. again moved to enforce the judgment and consent orders. V.L.P. cross-moved for modification of her equitable distribution and alimony obligations due to changed circumstances. She also sought relief from the divorce judgment's anti-Lepis clause.[2]

On September 13, 2019, the trial court granted W.S.H.'s motion, and entered an order directing V.L.P. to pay W.S.H. $56,798 within thirty days to

---

[2] In Lepis v. Lepis, 83 N.J. 139, 146 (1980), the Court recognized the power to modify court-ordered alimony or child support upon a showing of changed circumstances. An anti-Lepis clause purports to prohibit the obligor from filing a motion for that relief; whether such clauses will be enforced depends on several factors. See Morris v. Morris, 263 N.J. Super. 237, 240-1 (App. Div. 1993); see also Smith v. Smith, 261 N.J. Super. 198, 199 (Ch. Div. 1992); Finckin v. Finckin, 240 N.J. Super. 204, 205 (Ch. Div. 1990).

satisfy her alimony arrearage and to make her monthly alimony payments by the fifteenth of each month or be fined. The court also ordered V.L.P. to pay an overdue equitable distribution payment of $33,333.33 within thirty days.

The court denied V.L.P.'s cross-motion. The court found that V.L.P. had not established changed circumstances and noted that after entry of the judgment of divorce V.L.P. purchased her third home, a $1.8 million apartment in Philadelphia.

On October 15, 2019, V.L.P. filed a notice of appeal from the September 13, 2019 order. Although the appeal did not have the effect of staying the September 13, 2019 order, see In re Hoboken Teachers' Ass'n, 147 N.J. Super. 240, 251 (App. Div. 1977), V.L.P. failed to comply with its terms.

On January 27, 2020, W.S.H. moved to enforce the September 13, 2019 order. At the time, V.L.P. was $86,298 in arrears on alimony and had not made the past due equitable distribution payment of $33,333.33. Among the relief sought by W.S.H. was the court-ordered sale of the North Wildwood property to satisfy V.L.P.'s arrears. V.L.P. opposed the motion, arguing that the trial court lacked jurisdiction to decide W.S.H.'s motion because of the pending appeal of the September 13, 2019 order.

On March 20, 2020, the trial court entered an order granting W.S.H.'s motion to enforce the September 13, 2019 order. The court issued a written statement of reasons in which it acknowledged that Rule 2:9-1(a) vests in this court supervision and control of a matter once an appeal is filed. However, the trial court noted that Rule 1:10-3 permits it to enforce orders that are the subject of an appeal and have not been stayed.

In addition, relying on Rule 1:10-3, Rule 5:3-7(b) and N.J.S.A. 2A:34-23, the court concluded that V.L.P.'s persistent failure to comply with her equitable distribution and alimony obligations warranted the compelled sale of the North Wildwood property to satisfy her arrears. The court noted that V.L.P. had three homes. The sale, therefore, would not leave V.L.P. and the children without a residence. On July 24, 2020, the trial court issued an order appointing an attorney-in-fact for V.L.P. for the purpose of effectuating the sale of the North Wildwood property.

This appeal followed. V.L.P. argues that the trial court's March 20, 2020 and July 24, 2020 orders should be vacated because: (1) the trial court was without jurisdiction to hear W.S.H.'s motion to enforce the September 13, 2019 order during the pendency of her appeal of that order; and (2) if the trial court had jurisdiction to hear W.S.H.'s motion, it misapplied the law when it ordered

the sale of the North Wildwood property and appointed an attorney-in-fact to carry out the sale.

On January 22, 2021, we affirmed the September 13, 2019 order. W.S.H. v. V.L.P., No. A-0644-19 (App. Div. Jan. 22, 2021).

II.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Given the Family Part's "special jurisdiction and expertise in family matters," substantial deference is owed to the Family Part's factual findings so long as they are supported by "adequate, substantial, [and] credible evidence." Id. at 411-12. "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles, or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). The trial court's legal conclusions are reviewed de novo. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

We begin with the propriety of the trial court deciding W.S.H.'s motion to enforce the September 13, 2019 order while V.L.P.'s appeal of that order was pending. "The ordinary effect of the filing of a notice of appeal is to deprive the trial court of jurisdiction to act further in the matter unless directed to do so by

an appellate court, or jurisdiction is otherwise reserved by statute or court rule."

Manalapan Realty, L.P., 140 N.J. at 376; see R. 2:9-1(a).  "The trial court, however, shall have continuing jurisdiction to enforce judgments and orders pursuant to R. 1:10" while those orders are on appeal.  R. 2:9-1(a).

R. 1:10-3, Relief to Litigant, provides:

> Notwithstanding that an act or omission may also constitute a contempt of court, a litigant in any action may seek relief by application in the action . . . .  In family actions, the court may also grant additional remedies as provided by R. 5:3-7.

The rule provides a "means for securing relief and allow[s] for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order."  N. Jersey Media Group, Inc. v. State, Off. of Governor, 451 N.J. Super. 282, 296 (App. Div. 2017) (alteration in original) (quoting In re N.J.A.C. 5:96, 221 N.J. 1, 17-18 (2015)).

Rule 5:3-7(b) provides that a court, after finding a violation of a judgment or order concerning alimony, may, in addition to the remedies permitted by Rule 1:10-3, grant the following remedies:

> (1) fixing the amount of arrearages and entering a judgment upon which interest accrues; (2) requiring payment of arrearages on a periodic basis; (3) suspension of an occupational license or driver's license consistent with law; (4) economic sanctions; (5) participation by the party in violation of the order in an

approved community service program; (6) incarceration, with or without work release; (7) issuance of a warrant to be executed upon the further violation of the judgment or order; and (8) any other appropriate equitable remedy.

We agree with the trial court's conclusion that it had jurisdiction to decide W.S.H.'s motion to enforce the September 13, 2019 order. As noted above, V.L.P.'s appeal did not stay the September 13, 2019 order. She remained obligated to abide by its terms. Consistent with her pattern of failing to comply with court orders, V.L.P. did not make the equitable distribution and alimony payments required by the September 13, 2019 order. It was within the trial court's power to enforce the order pursuant to Rule 1:10-3 and Rule 5:37-(b).

We disagree with V.L.P.'s argument that the compelled sale of the North Wildwood property goes beyond enforcement of the September 13, 2019 order by changing the terms of the equitable distribution ordered in the judgment of divorce. The equitable distribution agreed to by the parties and ordered by the court included both V.L.P. retaining sole ownership of the North Wildwood property and V.L.P. paying W.S.H. $400,000 in installments over several years. V.L.P. obtained ownership of the house, but she failed to fulfill her obligation to make payments to W.S.H. The March 20, 2020 and July 24, 2020 orders enforce V.L.P.'s equitable distribution cash payment obligations; they do not

8

change the equitable distribution of property among the parties.  The court did not order the North Wildwood house be transferred to W.S.H.  It instead ordered the liquidation of one of V.L.P.'s assets to satisfy her equitable distribution and alimony arrearages.

Our careful review of the record also revealed no substantive basis on which to vacate the March 20, 2020 and July 24, 2020 orders.  We review a Family Part's formulation of equitable remedies to enforce one of its orders for an abuse of discretion.  Milne v. Goldenberg, 428 N.J. Super. 184, 197-98 (App. Div. 2012).

The Family Part "possesses broad equitable powers to accomplish substantial justice" and may tailor an appropriate remedy for violation of its orders.  Finger v. Zenn, 335 N.J. Super. 438, 447 (App. Div. 2000).  In addition, N.J.S.A. 2A:34-23 provides:

> [A]fter judgment of divorce . . . the court may make such order as to the alimony or maintenance of the parties . . . as the circumstances of the parties and the nature of the case shall render fit, reasonable, and just . . . . [U]pon default in complying with any such order, the court may award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the

9

said court shall from time to time seem reasonable and just; or the performance of the said orders may be enforced by other ways according to the practice of the court.

Our Supreme Court has held that "the trial court may exercise its discretion to order the sale of marital assets and the utilization of proceeds in a manner as 'the case shall render fit, reasonable, and just.'" Randazzo v. Randazzo, 184 N.J. 101, 102 (2005). While Randazzo involved the sale of real property prior to the final judgment of divorce, V.L.P. makes no convincing argument why the court's ability to fashion appropriate relief in a divorce proceeding should be any less expansive where a party persists, post judgment, in refusing to comply with court orders establishing her equitable distribution and alimony obligations. See Slayton v. Slayton, 250 N.J. Super. 47, 50 (App. Div. 1991) ("An item which was equitably distributed may indeed be tapped as a fund out of which otherwise calculated alimony may be satisfied.").

In the face of V.L.P.'s flagrant refusal to comply with court orders directing her to make equitable distribution and alimony payments, the court's directive to sell the North Wildwood property was an appropriate exercise of its discretion. So too was the appointment of an attorney-in-fact to effectuate the sale of the property, given V.L.P.'s well-established recalcitrance to follow court orders.

10

To the extent we have not specifically addressed any of V.L.P.'s remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4297-19